**SUSAN K. HATMAKER 172543**
**ROBERT W. BRANCH 154963**
**HATMAKER LAW GROUP**
7522 N. Colonial Avenue, Suite 105
Fresno, California 93711
Telephone: (559) 374-0077
Facsimile: (559) 374-0078

Attorneys for Defendant:
VALLEY TRANSPORTATION, INC.; RODNEY HEINTZ; and DEBORAH SIMPSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

* * *

| | |
|---|---|
| ANDREW MENDOZA, an individual; | Case No. |
| Plaintiff, | [Removal from Superior Court of California, County of Fresno, Case No. 21CECG03163] |
| vs. | **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON** |
| VALLEY TRANSPORTATION, INC., a California Corporation; RODNEY HEINTZ, an Individual; DEBORAH SIMPSON, an Individual; and DOES 1 through 25, Inclusive, | |
| Defendants. | **[Jurisdiction pursuant to Family and Medical Leave 29 USC §§2601, et seq., Emergency Paid Sick Leave Act §§ 5101, et seq., and FLSA, §15(a)(3)]** |

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

1
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION:

PLEASE TAKE NOTICE THAT, this notice of removal by all named defendants VALLEY TRANSPORTATION, INC. ("VTI"); RODNEY HEINTZ ("Heintz"); and DEBORAH SIMPSON ("Simpson"), collectively Defendants, respectfully shows:

## JURISDICTION

1. This Court has federal question jurisdiction under 28 U.S.C. section 1331 because the Eighth Cause of Action, for retaliation in violation of the Emergency Paid Sick Leave Act (the "Act"), arises under the laws of the United States. (Complaint, ¶¶ 81-91.) Specifically, Sections 5104 and 5105 of the Act makes the discharge, discipline, or discrimination against an employee for taking leave in accordance with the Act or for filing any complaint or instituted or caused to be instituted any proceeding under or related to the Act a violation of section 15(a)(3) of the Fair Labor Standards Act ("FLSA"). Therefore, allegations of retaliation in violation of the Act provide the basis for federal question jurisdiction. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (removal of action claiming violation of FLSA).

2. In addition to the Eighth Cause of Action, this Court also has federal question jurisdiction over the Ninth Cause of Action entitled "Family and Medical Leave Discrimination and Retaliation" under 28 U.S.C. section 1331 because the Ninth Cause of Action, alleges violation of the federal Family Medical Leave Act ("FMLA"). (Complaint, ¶ 93.)

3. In addition to its jurisdiction over the eighth and ninth causes of action as arising under the laws of the United States, as set forth more fully below, this Court has supplemental jurisdiction over the remaining state law causes of action pursuant to its supplemental jurisdiction under 28 U.S.C. section 1367.

## GENERAL ALLEGATIONS

4. Plaintiff ANDREW MENDOZA ("Plaintiff" and "Mendoza") filed a complaint against Defendants in the Superior Court of the State of California for the County of Fresno, Case No. 21CECG03163 ("Complaint"). Plaintiff, a former employee of VTI, pleads thirteen

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

causes of action arising out of Plaintiff's separation from employment by VTI of which eleven are based upon state law, one federal law, the Eighth Cause of Action, is the alleged retaliation in violation of the Emergency Paid Sick Leave Act §§ 5101, et seq., and one, the Ninth Cause of Action alleging violation of state law and the FMLA. Plaintiff prays for remedies including compensatory, actual and punitive damages, declaratory relief, injunction, interest, attorney fees and costs.

5. Because the Complaint includes causes of action which is subject to the Court's federal question jurisdiction, the Court has removal jurisdiction pursuant to 28 U.S.C. section 1441(a). *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (removal of action claiming violation of FLSA).

6. Further, the Court has supplemental jurisdiction over the state law causes of action because they are so related to the claim in the action within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution. Supplemental jurisdiction may be exercised where the pendent state law claims are part of the same "case or controversy" as the federal claim. *See Mendoza v. Zirkle Fruit Co.,* 301 F.3d 1163, 1174 (9th Cir. 2002); 28 U.S.C. § 1367(a). Claims are part of the same "case or controversy" when they derive from a common nucleus of operative fact and a plaintiff would ordinarily be expected to try them in one litigation. *Finley v. United States,* 490 U.S. 545, 549, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The court may exercise supplemental jurisdiction over state employment claims based on state law and a claim for violation of the FLSA where all arise out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee. *See Swamy v. Title Source, Inc.*, 2017 WL 3021042 (N.D. Cal. July 17, 2017).

7. All of the causes of action in the Complaint are derived from a common nucleus of operative facts, along with the Eighth Cause of Action, upon which federal question removal jurisdiction is based, for the alleged retaliation in violation of the Act. The alleged genesis for the causes of action is a doctor visit for a purported illness that resulted in a diagnosis that Plaintiff had both COVID-19 and cancer. Moreover, the alleged resulting treatment at the workplace

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

3
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON

(allegedly harassment, discrimination, retaliation and termination), as allegedly due to age or disability (including use of state or federal medical leave) or both, presents alternative conclusions, and remedies, which will call upon judging the same facts. The result of this alleged diagnosis was a variety of claimed acts including, harassment, discrimination, retaliation, including retaliation in violation of the Act, and termination.

8. The Eighth Cause of Acton, for alleged retaliation in violation of the "Emergency Paid Sick Leave Act," alleges that as a result of his exercise of emergency paid leave rights due to concerns with COVID-19, VTI failed to guarantee Plaintiff's employment in the same or comparable position at the end of the emergency paid sick leave, and/or refused to hire, discharged, fined, suspended, expelled, demoted, constructively discharged, refused to promote, failed to reinstate, discriminated against and/or harassed Plaintiff. (Complaint, ¶¶ 81-91). The alleged COVID-19 diagnosis was allegedly in conjunction with Plaintiff's diagnosis of cancer. (Complaint, ¶¶ 21-23). Moreover, all of the general allegations and those of the preceding seven causes of action are incorporated into the federal cause of action and the allegations of the federal cause of action are included in the subsequent five causes of action. (Complaint, ¶ 81 [previous allegations]; Complain ¶¶ 92, 102, 106, 112, and 118 [incorporation into causes of action nine through thirteen].)

9. The first seven causes of action all allege claims, based upon California law, for either age or disability discrimination. Specifically, the first cause of action against VTI and the second cause of action against all Defendants allege age discrimination and age harassment respectively, arising from Plaintiff's employment with VTI. (Complaint, ¶¶ 33-45). The third (against VTI), fourth (against all Defendants), fifth (against VTI), sixth (against VTI), and seventh (against VTI) causes of action are state law claims all based on alleged disability of a cancer diagnosis and are respectively alleged disability discrimination, disability harassment, failure to accommodate disability, failure to engage in the interactive process of accommodation of a disability, and failure to prevent, correct, and remedy discrimination and harassment. (Complaint, ¶¶ 46-80). These causes of action, are based upon the same facts and circumstances

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

4
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON

that serve as the alleged basis for the alleged violation of the Act and other state law causes of action, i.e., the doctor visit alleged resulting in the diagnosis of COVID-19 and cancer and subsequent alleged consequences at the place of employment.

10. The Ninth Cause of Action "Family and Medical Leave Discrimination and Retaliation" alleges that VTI failed and refused to comply with the California Family Rights Act and FMLA allegedly based on Plaintiff's exercise of "her/his medical leave rights due to serious health condition." (Complaint, ¶¶ 92-101). While this cause of action should provide federal question jurisdiction, to the extent based upon state law, again, this cause of action is based upon the same facts and circumstances that serve as the alleged basis for the alleged violation of the Act and other state law causes of action, i.e., the doctor visit alleged resulting in the diagnosis of COVID-19 and cancer and subsequent alleged consequences at the place of employment. Moreover, as mentioned, it actually refers to having a basis in the FMLA.

11. The Tenth Cause of Action entitled "Retaliation for Complaints of Discrimination and Harassment" alleges that VTI retaliated against him for reporting the events of discrimination and harassment against him. (Complaint, ¶¶ 102-105). Again, this cause of action is based upon the same facts and circumstances that serve as the alleged basis for the alleged violation of the Act and other state law causes of action, i.e., the doctor visit alleged resulting in the diagnosis of COVID-19 and cancer and subsequent alleged consequences at the place of employment.

12. The Eleventh Cause of Action entitled "Wrongful Termination" alleges that VTI terminated Plaintiff because of his age and his disability. (Complaint, ¶¶ 106-111). Again, this cause of action is based upon the same facts and circumstances that serve as the alleged basis for the alleged violation of the Act and other state law causes of action, i.e., the doctor visit alleged resulting in the diagnosis of COVID-19 and cancer and subsequent alleged consequences at the place of employment.

13. The Twelfth Cause of Action entitled "Intentional Infliction of Emotional Distress" alleges that Defendants engaged in age, disability, race, national origin, religious,

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

gender, sex discrimination, harassment and retaliation against Plaintiff, and aided and abetted each other in illegal discrimination, harassment, and retaliation subjecting Plaintiff to intentional infliction of emotional distress. (Complaint, ¶¶ 112-117). Again, and without regard to the items in the Plaintiff's laundry list that are not otherwise alleged in the Complaint, i.e., race, national origin, religion, gender or sex, this cause of action is based upon the same facts and circumstances that serve as the alleged basis for the alleged violation of the Act and other state law causes of action, i.e., the doctor visit alleged resulting in the diagnosis of COVID-19 and cancer and subsequent alleged consequences at the place of employment.

14. The Thirteenth Cause of Action entitled "Negligent Infliction of Emotional Distress" alleges that all Defendants breached their duties to provide a workplace free of the discrimination, harassment and retaliation and failing to do so resulted in emotional distress. (Complaint, ¶¶ 118-120). Again, this cause of action is based upon the same facts and circumstances that serve as the alleged basis for the alleged violation of the Act and other state law causes of action. As an aside, there is no standalone cause of action for negligent infliction of emotional distress in California. *See Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* 48 Cal.3d 583, 588 (1989) (Negligent causing of emotional distress is not an independent tort but the tort of negligence).

15. Because all of the causes of action are derived from the same nucleus of operative facts, they are so related to the claims within the original jurisdiction of the court that they form the same case or controversy under Article III of the United States Constitution and therefore supplemental jurisdiction applies pursuant to 28 U.S.C. section 1367 and should be exercised by the Court to retain all claims based on state law as a result of this removal.

16. Removal to this Court is proper as the Fresno County Superior Court is in the Eastern District of California, Fresno Division. See, 28 U.S.C. §1446(a).

17. Removal is timely as the Complaint was served by notice and acknowledgement signed by counsel for Defendants on December 1, 2021.

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

6
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON

18. Filed herewith is a copy of all process, pleadings, and orders filed in the State Court Action, including all those served on Defendants.

19. A Notice of Notice of Removal with a copy of this Notice of Removal attached will be promptly served on counsel for parties and filed with the Clerk of the Fresno County Superior Court in the State Court Action. A certificate of service and filing will be filed with this Court.

WHEREFORE, Defendants pray that the above action now pending against them in the Superior Court of California, County of Fresno, be removed therefrom to this Court.

DATED: December 17, 2021

HATMAKER LAW GROUP
A Professional Corporation

By: *Susan K. Hatmaker*
SUSAN K. HATMAKER
Attorneys for Defendants VALLEY TRANSPORTATION, INC.; RODNEY HEINTZ; and DEBORAH SIMPSON

Hatmaker Law Group
7522 N. Colonial Ave.
Suite 105
Fresno, CA 93711

7
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON

# **PROOF OF SERVICE**

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711.  I am employed in Fresno County, California.  I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS VALLEY TRANSPORTATION, INC., RODNEY HEINTZ, AND DEBORAH SIMPSON**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Rodney Mesriani, Esq.<br>Cory Gould, Esq.<br>Mesriani Law Group<br>510 Arizona Avenue<br>Santa Monica, California 90401<br>Ph: (310) 826-6300<br>Fax: (310) 820-1258<br>Email: cory@mesriani.com | **Attorney for Plaintiff Andrew Mendoza** |

_____ (BY FIRST CLASS MAIL)   I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

__✗__ (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing will be sent by e-mail to all parties and the above-specified persons by operation of the Court's electronic filing CM/ECF system, which will send electronic notification of such filing to all counsel/parties.

**EXECUTED ON December 17, 2021, at Fresno, California.**

__✗__ (FEDERAL) I declare that I am employed in the office of a member of the State of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                 */s/ Kathy Giambalvo*
                                                                 KATHY GIAMBALVO