1  **SUSAN K. HATMAKER 172543**
**ROBERT W. BRANCH 154963**
2  **HATMAKER LAW GROUP**
7522 N. Colonial Avenue, Suite 105
3  Fresno, California 93711
Telephone: (559) 374-0077
4  Facsimile: (559) 374-0078

5  Attorneys for Defendant:
VALLEY TRANSPORTATION, INC.; RODNEY
6  HEINTZ; and DEBORAH SIMPSON

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

                              * * *
10
ANDREW MENDOZA, an individual;       )    Case No.
11                                    )
        Plaintiff,                    )    [Removal from Superior Court of
12                                    )    California, County of Fresno, Case No.
vs.                                   )    21CECG03163]
13                                    )
VALLEY TRANSPORTATION, INC., a        )    **COPY OF STATE COURT FILE**
14 California Corporation; RODNEY      )    **REGARDING NOTICE OF REMOVAL**
HEINTZ, an Individual; DEBORAH        )
15 SIMPSON, an Individual; and DOES 1  )    **[Jurisdiction pursuant to Family and**
through 25, Inclusive,                )    **Medical Leave 29 USC §§2601, et seq.,**
16                                    )    **Emergency Paid Sick Leave Act §§ 5101,**
                                      )    **et seq., and FLSA, §15(a)(3)]**
17        Defendants.                 )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 ─────────────────────────────────  )

23

24

25

26

## PROOF OF SERVICE

My business address is 7522 N. Colonial Avenue, Suite 105, Fresno, California 93711.  I am employed in Fresno County, California.  I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**COPY OF STATE COURT FILE REGARDING NOTICE OF REMOVAL**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Rodney Mesriani, Esq.                        **Attorney for Plaintiff Andrew Mendoza**
Cory Gould, Esq.
Mesriani Law Group
510 Arizona Avenue
Santa Monica, California 90401
Ph: (310) 826-6300
Fax: (310) 820-1258
Email: cory@mesriani.com

___    (BY FIRST CLASS MAIL)   I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California.

__×__    (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing will be sent by e-mail to all parties and the above-specified persons by operation of the Court's electronic filing CM/ECF system, which will send electronic notification of such filing to all counsel/parties.

**EXECUTED ON December 17, 2021, at Fresno, California.**

__×__    (FEDERAL) I declare that I am employed in the office of a member of the State of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Kathy Giambalvo_
KATHY GIAMBALVO

# EXHIBIT "1"

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Cory D. Gould (SBN 329550)<br>Mesriani Law Group<br>510 Arizona Ave, Santa Monica, CA 90401 | *FOR COURT USE ONLY* |
| TELEPHONE NO.: 310-826-6300    FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: Andrew Mendoza | **E-FILED**<br>10/25/2021 10:35 AM<br>Superior Court of California<br>County of Fresno<br>By: J Nelson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street Fresno, CA 93721
MAILING ADDRESS: 1130 O Street Fresno, CA 93721
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Andrew Mendoza v. Valley Transportation, Inc.; et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **21CECG03163** |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 13
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 22, 2021

Cory D. Gould
_____
(TYPE OR PRINT NAME)                    ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT "2"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VALLEY TRANSPORTATION, INC., a California Corporation; RODNEY HEINTZ, an Individual; DEBORAH SIMPSON, an Individual; and DOES 1 through 25, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANDREW MENDOZA, an Individual

E-FILED
10/25/2021
Superior Court of California
County of Fresno
By: J Nelson, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* B.F. Sisk Courthouse- Fresno Country Sup. Court<br>1130 O Street<br>Fresno, CA 93721-2220 | CASE NUMBER: *(Número del Caso):*<br>**21CECG03163** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cory D. Gould | 510 Arizona Ave., Santa Monica, CA 90401 | 310-826-6300

| DATE: ~~October 22, 2021~~ 10/25/2021<br>*(Fecha)* | Clerk, by J. Nelson<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# EXHIBIT "3"

1  RODNEY MESRIANI (SBN 184875)
CORY GOULD (SBN 329550)
2  MESRIANI LAW GROUP
A PROFESSIONAL LAW CORPORATION
3  510 Arizona Avenue,
Santa Monica, CA 90401
4  Tel:    (310) 826-6300
Fax:    (310) 820-1258
5  Attorneys for Plaintiff, ANDREW MENDOZA

E-FILED
10/25/2021 10:35 AM
Superior Court of California
County of Fresno
By: J Nelson, Deputy

6
## SUPERIOR COURT OF THE STATE OF CALIFORNIA
7  ## FOR THE COUNTY OF FRESNO

8  ANDREW MENDOZA, an Individual;

9                   Plaintiff,

10       v.

11  VALLEY TRANSPORTATION, INC., a
California Corporation; RODNEY
12  HEINTZ, an Individual; DEBORAH
SIMPSON, an Individual; and DOES 1
13  through 25, Inclusive,

14
                 Defendants.
15

**CASE NO.   21CECG03163**

**COMPLAINT FOR:**

1. **AGE DISCRIMINATION;**
2. **AGE HARASSMENT;**
3. **DISABILITY DISCRIMINATION;**
4. **DISABILITY HARASSMENT;**
5. **FAILURE TO ACCOMMODATE DISABILITY;**
6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF A DISABILITY;**
7. **FAILURE TO PREVENT, CORRECT, AND REMEDY DISCRIMINATION AND HARASSMENT;**
8. **RETALIATION IN VIOLATION OF EMERGENCY PAID SICK LEAVE ACT §§ 5101, *ET SEQ.*;**
9. **FAMILY AND MEDICAL LEAVE DISCRIMINATION AND RETALIATION;**
10. **RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT;**
11. **WRONGFUL TERMINATION;**
12. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**
13. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

1
COMPLAINT

1

## TABLE OF CONTENTS

2

Page

3

SUMMARY..................................................................................................................5

4

PARTIES....................................................................................................................5

5

JURISDICTION AND VENUE....................................................................................7

EXHAUSTION OF ADMINISTRATIVE REMEDIES ..................................................7

6

FACTUAL ALLEGATIONS ........................................................................................7

7

FIRST CAUSE OF ACTION ......................................................................................9

8

    AGE DISCRIMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25 ..............9

9

SECOND CAUSE OF ACTION ................................................................................10

10

    AGE HARASSMENT AGAINST ALL DEFENDANTS ............................................10

11

THIRD CAUSE OF ACTION....................................................................................11

    DISABILITY DISCRIMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25

12

..................................................................................................................................11

13

FOURTH CAUSE OF ACTION ................................................................................12

14

    DISABILITY HARASSMENT AGAINST ALL DEFENDANTS ................................12

15

FIFTH CAUSE OF ACTION.....................................................................................13

    FAILURE TO ACCOMMODATE DISABILITY AGAINST DEFENDANT VTI AND

16

    DOES 1 – 25 ..........................................................................................................13

17

SIXTH CAUSE OF ACTION ....................................................................................14

18

    FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION
    OF A DISABILITY AGAINST DEFENDANT VTI AND DOES 1 – 25........................14

19

SEVENTH CAUSE OF ACTION ..............................................................................16

20

    FAILURE TO PREVENT, CORRECT, AND/OR REMEDY DISCRIMINATION AND

21

    HARASSMENT AGAINST DEFENDANT VTI AND DOES 1 – 25 ............................16

22

EIGHTH CAUSE OF ACTION .................................................................................17

    RETALIATION IN VIOLATION OF EMERGENCY PAID SICK LEAVE ACT §§

23

    5101, *ET SEQ*. AGAINST DEFENDANT VTI AND DOES 1 – 25 ..........................17

24

NINTH CAUSE OF ACTION.....................................................................................19

25

    FAMILY AND MEDICAL LEAVE DISCRIMINATION AND RETALIATION
    AGAINST DEFENDANT VTI & DOES 1-25 ...........................................................19

26

TENTH CAUSE OF ACTION ...................................................................................21

27

    RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT

28

    AGAINST DEFENDANT VTI AND DOES 1 – 25 ...................................................21

ELEVENTH CAUSE OF ACTION ............................................................................21

WRONGFUL TERMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25.....21

TWELFTH CAUSE OF ACTION ..........................................................................................22

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL
DEFENDANTS ..........................................................................................................22

THIRTEENTH CAUSE OF ACTION .................................................................................23

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL
DEFENDANTS ..........................................................................................................23

PRAYER FOR RELIEF ......................................................................................................24

DEMAND FOR JURY TRIAL ..........................................................................................25

COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**Statutes**

Civil Code § 3294 ............................................................................................... passim

Code of Civil Procedure § 3291 ....................................................................................6

Code of Civil Procedure § 395(a) ..................................................................................8

Emergency Paid Sick Leave Act §§ 5101 ....................................................................18

Government Code § 12926(c) .............................................................................. passim

Government Code § 12926(d) ....................................................................10, 11, 12, 13

Government Code § 12940(a) and (c) .................................................................. passim

Government Code § 12940(h) ......................................................................................22

Government Code § 12940(n) ......................................................................................16

Government Code § 12965(b) ........................................................................................6

1    Plaintiff ANDREW MENDOZA, by and through his counsel, claims and alleges as

2  follows:

3                                    **SUMMARY**

4       1.    Plaintiff ANDREW MENDOZA (hereinafter "Plaintiff") is suing his former

5  employer, Defendant VALLEY TRANSPORTATION, INC. (hereinafter "Defendant VTI"), and

6  its managerial and supervisory employees, including Defendant RODNEY HEINTZ (hereinafter

7  "Defendant HEINTZ"), Defendant DEBORAH SIMPSON (hereinafter "Defendant SIMPSON")

8  (collectively as "Defendants"), for wrongful termination, age and disability discrimination,

9  harassment based on age and disability, retaliation, and intentional infliction of emotional distress,

10  among others.

11      2.    Throughout his employment at Defendant VTI, Plaintiff was subjected to

12  discriminatory and harassing behavior by reason of his age and disability. Plaintiff was harassed,

13  singled out, and differentially treated by Defendants, and each of them, in comparison to similarly

14  situated younger and non-disabled employees.

15      3.    Plaintiff brings this action against Defendants for economic, non-economic,

16  compensatory, and punitive damages pursuant to Civil Code § 3294, pre-judgment interest

17  pursuant to Code of Civil Procedure § 3291, and costs and reasonable attorneys' fees pursuant to

18  Government Code § 12965(b) and Code of Civil Procedure section 1021.5.

19                                    **PARTIES**

20      4.    Plaintiff is a sixty (60) year old individual, who, at all times relevant to this action,

21  resided in the County of Kings, State of California.

22      5.    Plaintiff is informed, believes and thereupon alleges that Defendant VTI is a

23  California Corporation, lawfully doing substantial business in the County of Fresno, State of

24  California and was Plaintiff's employers at all times relevant herein.

25      6.    Plaintiff is informed and believes, and thereupon alleges, that Defendant HEINTZ

26  is the co-owner of Defendant VTI, and, based upon information and belief, is a resident of Fresno,

27  State of California, at all times relevant herein.

28      7.    Plaintiff is informed and believes, and thereupon alleges, that Defendant SIMPSON

1 | is the co-owner at Defendant VTI, and, based upon information and belief, is a resident of Fresno,
2 | State of California, at all times relevant herein.

3 |       8.     Plaintiff is further informed and believes and thereon alleges that Individual
4 | Defendants HEINTZ and SIMPSON were and at all times mentioned herein did completely
5 | control, dominate, manage and/or operate Defendant VTI as their alter ego, such that any
6 | separateness between them has ceased to exist and recognition of the form of Defendant VTI would
7 | operate as a sham because it is the alter ego of Defendants HEINTZ and SIMPSON to wit:

8 |       a.  At all relevant times, there existed a unity of interest and ownership between the
9 |          two such that any individuality and separateness between them has ceased.  Because
10 |          either the company was inadequately capitalized or it was a mere shell,
11 |          instrumentality and conduit through which Defendants HEINTZ and SIMPSON
12 |          carried on their business, exercising complete control and dominance over such
13 |          business that any individuality and separateness did not exist, assets were
14 |          commingled or Defendants HEINTZ and SIMPSON used such corporate assets for
15 |          their personal use, or caused the corporate assets to be transferred to them without
16 |          adequate consideration, withdrew funds from the bank accounts for their personal
17 |          use and/or intermingled assets, liabilities, and obligations between them..

18 |       b.  It would sanction a fraud or promote injustice to uphold the corporate entity of
19 |          Defendant VTI and allow Defendants HEINTZ and SIMPSON to escape personal
20 |          liability for its debts.

21 |       9.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate,
22 | associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 25,
23 | inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names.
24 | Plaintiff is informed, believes, and thereupon alleges that each of the Defendant Does 1 through
25 | 25, inclusive, is and was in some manner responsible for, participated in, or contributed to the
26 | matters and things of which Plaintiff complains herein, and in some fashion, has legal
27 | responsibility therefore. When Plaintiff ascertains the names and capacities of the fictitiously
28 | named Defendant Does 1 through 25, inclusive, Plaintiff will seek leave to amend this Complaint

1  to set forth such facts.

2      10.   Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at

3  all times relevant herein was, the agent of his, or its co-defendants, and in committing the acts

4  alleged herein, was acting within the scope of his, or its authority as such agent, and with the

5  knowledge, permission, and consent of his, or its co-defendants.

6  **JURISDICTION AND VENUE**

7      11.   Venue is proper in this judicial district, pursuant to California Code of Civil

8  Procedure § 395(a). Defendants reside and/or transact business in the County of Fresno, and are

9  within the jurisdiction of this Court for purposes of service of process.

10  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11      12.   Plaintiff timely filed a charge of discrimination with the California Department of

12  Fair Employment and Housing ("DFEH"). The DFEH issued a Right-to-Sue Notice. Accordingly,

13  Plaintiff has timely exhausted his administrative remedies. A true-and-correct copy of Plaintiff's

14  Right-to-Sue Notice is attached to this complaint as Exhibit A.

15      13.   Any and all other prerequisites to the filing of this suit have been met.

16  **FACTUAL ALLEGATIONS**

17      14.   By this reference, Plaintiff alleges and incorporates herein each and every

18  allegation set forth in all previous paragraphs of the Complaint.

19      15.   In or around April 2015, Plaintiff began working for Defendant VTI as a Driver.

20      16.   Throughout his employment at Defendant VTI, Plaintiff performed his duties

21  diligently and responsibly.

22      17.   On or about August 10, 2020, after working a 10-hour shift, Plaintiff started

23  experiencing flu-like symptoms such as weakness, dizziness, fever, and difficulty breathing.

24  Plaintiff immediately called into Valley Transportation's office and spoke with Defendant Heintz

25  and informed him about his condition. Plaintiff advised Defendant Heintz that he would not be

26  able to work for his next shift. Defendant Heintz was understanding and instructed Plaintiff to take

27  care of himself and take a personal time off (PTO) day.

28      18.   The following day, on August 11, 2020, Plaintiff's condition worsened. Plaintiff

7
**COMPLAINT**

1  again contacted Defendant Heintz and told him he was feeling worse. Plaintiff requested time off

2  as he was still feeling unwell.

3      19.    On August 12, 2020, Plaintiff again called Defendant Heintz and requested time off

4  due to feeling very unwell still.

5      20.    On or about August 13, 2020, as Plaintiff continued to suffer from flu-like

6  symptoms, he contacted Defendant Heintz and requested personal time off.

7      21.    On or about August 14, 2020, Plaintiff was rushed to the Emergency Room for

8  medical treatment, where Plaintiff underwent COVID-19 tests.

9      22.    Subsequently, Plaintiff was told that he had a mass on his right kidney and lungs.

10  Later, Plaintiff's doctors confirmed that it was cancer. Thereafter, Plaintiff then submitted a copy

11  of his medical records to the Defendant, along with a note from Adventist Health certifying

12  Plaintiff's ability to return to work on August 18, 2020.

13     23.    On or about August 16, 2020, Plaintiff was informed that, along with his cancer

14  diagnosis, he tested positive for COVID–19. Plaintiff was subsequently advised to quarantine until

15  August 23, 2020.

16     24.    The following day, on August 17, 2020, Plaintiff, through his health provider,

17  submitted a medical leave of absence to the Defendants until August 24, 2020, pending his

18  COVID-19 test results.

19     25.    Later the same day, Plaintiff contacted Defendant Simpson and advised her about

20  his cancer and COVID-19 infection.

21     26.    While on medical leave, Plaintiff repeatedly communicated with Defendants while

22  inquiring about any company programs and/or assistance for his medical situation. Plaintiff

23  specifically asked for paid medical leave and/or family medical leave. However, Defendant

24  Simpson only responded hollowly that Plaintiff was not eligible for any medical leave.

25     27.    On or about August 28, 2020, Plaintiff's doctor placed him on a medical leave until

26  October 5, 2020.

27     28.    On or about September 4, 2020, Defendants proceeded to terminate Plaintiff's

28  employment purportedly because he was "not eligible for leave under federal or state laws."

1    *29.*    Defendants' proffered reason of Plaintiff's termination was nothing but a pretext

2    for age and disability discrimination.

3    30.    Plaintiff was 60 years of age at the time of his termination.

4    31.    Ultimately, Plaintiff's employment with Defendant VTI was unlawfully terminated

5    without real, substantial, and compelling reason.

6    32.    Due to Plaintiff's sudden and wrongful termination, Plaintiff has suffered, and

7    continues to suffer, severe emotional distress, including, but not limited to, emotional distress,

8    anxiety, and mental suffering.

9    **FIRST CAUSE OF ACTION**

10    **AGE DISCRIMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25**

11    33.    Plaintiff alleges and incorporates herein by this reference each and every allegation

12    set forth in all previous paragraphs of the Complaint as if fully set forth herein.

13    34.    Plaintiff was at all times hereto an "employee" within the meaning of California

14    Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit

15    age discrimination in employment.

16    35.    Defendant VTI was at all material times an "employer" as defined by California

17    Government Code § 12926(d) and within the meaning of California Government Code § 12940(a)

18    and (c) and, as such, was barred from discriminating or retaliating in employment decisions on the

19    basis of age as set forth in California Government Code § 12940.

20    36.    Defendant VTI discriminated against Plaintiff on the basis of his age in violation

21    of California Government Code § 12940(a) and (c), Article I of the California Constitution and

22    related statutes by engaging in the course of conduct more fully set forth in the General Allegations

23    stated above.

24    37.    As a result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has

25    suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional

26    and physical distress; and (b) loss of past and future earnings, and employment benefits and

27    opportunities, all on account of which Plaintiff is entitled to compensatory damages.  The exact

28    amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently

1   unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such
2   information, or prove the same at the time of trial.

3        38.    As more fully set forth above, the age discrimination by Defendant VTI was
4   committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for
5   Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the
6   injuries sustained by Plaintiff, which acts amounted to oppression and malice, as described in
7   California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in
8   an amount sufficient to punish and make an example out of Defendant.

9   <u>**SECOND CAUSE OF ACTION**</u>
10   **AGE HARASSMENT AGAINST ALL DEFENDANTS**

11        39.    Plaintiff alleges and incorporates herein by this reference each and every allegation
12   set forth in all previous paragraphs of the Complaint.

13        40.    Plaintiff was at all times hereto an "employee" within the meaning of California
14   Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit
15   age harassment.  Age harassment within the meaning of those sections, includes harassment and
16   failure to take all reasonable steps necessary to prevent discrimination or harassment on the basis
17   of age.

18        41.    Defendant VTI was at all material times an "employer" as defined by California
19   Government Code § 12926(d) and within the meaning of California Government Code § 12940(a)
20   and (c) and, as such, was barred from harassing or retaliating in employment decisions on the basis
21   of age as set forth in California Government Code § 12940.

22       .42.    Individual Defendants HEINTZ and SIMPSON were managerial and/or
23   supervisory employees of Defendant VTI who had a duty to Plaintiff to refrain from age
24   discrimination and harassment and to take all reasonable steps to prevent and correct unlawful age
25   discrimination and harassment in the workplace.

26        43.    Defendants harassed Plaintiff on the basis of age, in violation of California
27   Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes
28   by engaging in the course of conduct more fully set forth in the General Allegations stated above.

**COMPLAINT**

44.     As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, all on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

45.     As more fully set forth above, the age harassment by Defendants was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression and malice, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants

### THIRD CAUSE OF ACTION

**DISABILITY DISCRIMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25**

46.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

47.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit disability discrimination in employment.

48.     Defendant VTI was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code § 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

49.     Defendant VTI has discriminated against Plaintiff on the basis of his disability in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes, by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

50.     As a result of Defendant VTI'S unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

51.     As more fully set forth above, the disability discrimination by Defendant VTI was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## FOURTH CAUSE OF ACTION

### DISABILITY HARASSMENT AGAINST ALL DEFENDANTS

52.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

53.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit disability harassment in employment.

54.     Defendant VTI was at all material times an "employer" within the meaning of California Government Code § 12926(d) and California Government Code § 12940(a) and (c) and, as such, was barred from harassing and discriminating in employment decisions on the basis of disability possessed or thought to be possessed by an employee, as set forth in California Government Code § 12940.20.

55.     Individual Defendants HEINTZ and SIMPSON were managerial and/or supervisory employees of Defendant VTI who had a duty to Plaintiff to refrain from disability

12

**COMPLAINT**

discrimination and harassment and to take all reasonable steps to prevent and correct unlawful age discrimination and harassment in the workplace.

56.     Defendants harassed Plaintiff on the basis of disability, in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

57.     As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

58.     As more fully set forth above, the disability harassment by Defendant was committed intentionally, maliciously, wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

### FIFTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY AGAINST DEFENDANT VTI AND DOES 1 – 25

59.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

60.     Plaintiff at all times hereto was an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§12940 (a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

61.     Defendant VTI was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§12940(a) and (c),

1  and, as such, was barred from harassing/discriminating against Plaintiff on the basis of disability,

2  perceived disability, or medical condition possessed or thought to be possessed by an employee,

3  as set forth in California Government Code §12940.

4      62.    At the time of Plaintiff's employment with Defendant VTI, he was suffering from

5  a condition that substantially limits his major life activities.

6      63.    Despite having knowledge of Plaintiff's condition, Defendant VTI failed to provide

7  Plaintiff with a reasonable accommodation for the above condition.

8      64.    As a proximate result of Defendant VTI'S failure to accommodate Plaintiff's

9  known health conditions, Plaintiff has suffered (a) humiliation, serious mental anguish, and

10 emotional and physical distress; and (b) loss of past and future earnings, and employment benefits

11 and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The

12 amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

13 unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

14 information, or will prove the same at the time of trial.

15     65.    As more fully set forth above, Defendant VTI's failure to accommodate Plaintiff's

16 known serious health conditions was committed intentionally, maliciously, wantonly, and

17 oppressively, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure,

18 punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted

19 to oppression and malice, as described in California Civil Code § 3294. Plaintiff is therefore

20 entitled to punitive or exemplary damages in an amount sufficient to punish and make an example

21 out of Defendant.

22                          **SIXTH CAUSE OF ACTION**

23 **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION**

24     **OF A DISABILITY AGAINST DEFENDANT VTI AND DOES 1 – 25**

25     66.    Plaintiff alleges and incorporates herein by this reference each and every allegation

26 set forth in all previous paragraphs of the Complaint.

27     67.    Plaintiff was at all times hereto an "employee" within the meaning of California

28 Government Code § 12926(c) and California Government Code §§12940(a) and (c), which

                                    14
                              **COMPLAINT**

1    prohibit disability/medical condition and harassment/discrimination in employment.

2        68.    Defendant VTI was at all material times an "employer" within the meaning of

3    California Government Code §12926(d) and California Government Code § 12940(a) and (c) and,

4    as such, was barred from harassment/discrimination of Plaintiff on the basis of disability, perceived

5    disability, or medical condition possessed or thought to be possessed by an employee, as set forth

6    in California Government Code §12940.

7        69.    At the time of Plaintiff's employment with Defendant VTI, he was suffering from

8    a condition that substantially limits his major life activities.

9        70.    Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for

10   a reasonable accommodation, Defendant VTI failed to engage in a timely, good faith, interactive

11   process with Plaintiff to determine effective reasonable accommodations in violation of California

12   Government Code § 12940(n).

13       71.    As a result of Defendant VTI' failure to engage in the interactive process of

14   accommodation of his known disabilities, Plaintiff has suffered and continues to suffer (a)

15   substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss

16   of past and future earnings, and employment benefits and opportunities, on account of which

17   Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages

18   exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either

19   seek leave to amend this Complaint upon ascertaining such information, or will prove the same at

20   the time of trial.

21       72.    As more fully set forth above, Defendant VTI'S failure to engage in the interactive

22   process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously,

23   wantonly, and oppressively, with a conscious disregard for Plaintiff's rights and with the intent to

24   vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts

25   amounted to oppression and malice, as described in California Civil Code § 3294. Plaintiff is

26   therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make

27   an example out of Defendant.

28

## SEVENTH CAUSE OF ACTION

## FAILURE TO PREVENT, CORRECT, AND/OR REMEDY DISCRIMINATION AND
## HARASSMENT AGAINST DEFENDANT VTI AND DOES 1 – 25

73.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

74.     Defendant VTI failed to take all reasonable steps to prevent Plaintiff's harassment from occurring, in violation of California Government Code § 12940(k), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst other things.

75.     Specifically, Defendant VTI failed to take any meaningful preventative action against those managers, supervisors and employees who were harassing Plaintiff or enabling others to discriminate against and harass Plaintiff.  If Defendant VTI has a written policy addressing the issue of age and disability discrimination and harassment, the policy is not enforced and is consistently disregarded.

76.     As a result of Defendant VTI'S failure to prevent the unlawful harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, and employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

77.     Defendant VTI failed to take all reasonable steps to correct and remedy the harassment of Plaintiff, in violation of California Government Code § 12940(j), by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst other things.

78.     Specifically, during the course of this misconduct, Defendant VTI failed to take immediate and appropriate corrective action to remedy the discrimination of Plaintiff by employees who were harassing Plaintiff or enabling others to harass Plaintiff.

79.     As a result of Defendant VTI'S failure to correct or remedy the unlawful discrimination and harassment of Plaintiff, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities Plaintiff is entitled to as compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

80.     As more fully set forth above, Defendant VTI's failure to prevent, correct, and/or remedy the unlawful discrimination and harassment was intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## EIGHTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF EMERGENCY PAID SICK LEAVE ACT §§ 5101, *ET SEQ.* AGAINST DEFENDANT VTI AND DOES 1 – 25

81.     Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

82.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

83.     Under the Families First Coronavirus Response Act ("FFCRA")., and more specifically Emergency Paid Sick Leave Act §§ 5101 ("EPSLA"), employers are required to provide paid sick leave to employees who are unable to work for six reasons having to do with COVID-19; where the employee (1) is subject to a Federal, State, or local quarantine or isolation order related to COVID-19; (2) has been advised by a health care provider to self-quarantine due to concerns related to COVID-19; (3) is experiencing symptoms of COVID-19 and is seeking a medical diagnosis; (4) is caring for an individual who is subject to an order as described in (1), or who has been advised as described in (2); (5) is caring for his son or daughter whose school or

1   place of care has been closed or whose child care provider is unavailable due to COVID-19 related

2   reasons; or (6) is experiencing any other substantially similar condition specified by the Secretary

3   of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary

4   of Labor. An employee who takes paid sick leave for (2) qualifying reason under EPSLA is entitled

5   to be paid at either their regular rate or the applicable minimum wage, whichever is higher, up to

6   $511 per day and $5,110 in the aggregate.

7          84.    The EPSLA prohibits employers from discharging, disciplining, or in any other

8   manner discriminating against an employee who takes paid sick leave under the EPSLA.

9          85.    At all times mentioned in this complaint, Defendant was employer and employed

10   fewer than 500 but more than 50 employees.

11         86.    Plaintiff, as a full-time employee, qualifies for emergency paid sick leave of 80

12   hours since he was unable to work because he has been advised by a health care provider to self-

13   quarantine related to COVID-19.

14         87.    Defendant failed and refused to comply with the EPSLA, as described hereinabove.

15   Defendant failed to guarantee Plaintiff's employment in the same or comparable position at the

16   end of emergency sick leave; and/or refused to hire, discharged, fined, suspended, expelled,

17   demoted, constructively discharged, refused to promote, failed to reinstate, discriminated against

18   and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to emergency paid sick

19   leave rights under the EPSLA.

20         88.    Plaintiff's exercise of his emergency leave rights due to concerns related to

21   COVID-19 was a motivating factor in Defendant aforementioned decisions that were adverse to

22   Plaintiff.

23         89.    As a direct, legal, and proximate cause of Plaintiff's aforementioned protected

24   status, Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set

25   forth in the General Allegations and all paragraphs stated above, amongst other things.

26         90.    As a result of Defendants' above referenced discrimination, harassment, and

27   retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental

28   anguish, and emotional and physical distress; and (b) loss of past and future earnings, and

1    employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory
2    damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this
3    court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint
4    upon ascertaining such information, or will prove the same at the time of trial.

5        91.    As more fully set forth above, Defendant above referenced discrimination,
6    harassment, and retaliation was committed intentionally, maliciously, wantonly, and oppressively,
7    with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy
8    Plaintiff so as to cause the injuries sustained by Plaintiff.  Such acts amounted to oppression and
9    malice, as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or
10   exemplary damages in an amount sufficient to punish and make an example out of Defendant.

11   **NINTH CAUSE OF ACTION**
12   **FAMILY AND MEDICAL LEAVE DISCRIMINATION AND RETALIATION**
13   **AGAINST DEFENDANT VTI & DOES 1-25**

14       92.    Plaintiff alleges and incorporates herein by this reference each and every allegation
15   set forth in all previous paragraphs of the Complaint.

16       93.    Under the Fair Employment and Housing Act ("FEHA"), Government Code
17   §12940 et seq., and more specifically, the California Family Rights Act ("CFRA") as well as
18   FMLA, it is an unlawful employment practice for an employer to refuse to grant a request by any
19   employee to take up to 12 workweeks in any 12 month period for family and medical leave.  It is
20   an unlawful employment practice for the employer to fail to guarantee, to each employee taking
21   family or medical leave employment in the same or comparable position at the end of the family
22   or medical leave.  It is an unlawful employment practice for an employer to refuse to hire, to
23   discharge, fine, suspend, expel, discrimination or harass an employee because of an employee's
24   exercise of the right to family care and medical leave.

25       94.    At all times mentioned in this complaint, Defendant VTI was employer and
26   employed more than 50 employees in a 75 mile radius of plaintiff's place of work.

27       95.    Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts
28   to exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony

in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights Act. Plaintiff complied with all applicable notice requirements, if any, of Defendant VTI, and of the California Family Rights Act.

96. Defendant VTI knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

97. Defendant VTI failed and refused to comply with the California Family Rights Act, as described hereinabove. Defendant VTI failed to guarantee Plaintiff's employment in the same or comparable position at the end of family or medical leave; and/or refused to hire, discharged, fined, suspended, expelled, demoted, constructively discharged, refused to promote, failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights under the California Family Rights Act.

98. Plaintiff's exercise of her/his medical leave rights due to serious health condition was a motivating factor in Defendant VTI aforementioned decisions that were adverse to Plaintiff.

99. As a direct, legal, and proximate cause of Plaintiff's aforementioned protected status, Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst other things.

100. As a result of Defendants' above referenced discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

101. As more fully set forth above, Defendant VTI above referenced discrimination, harassment, and retaliation was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore

1  entitled to punitive or exemplary damages in an amount sufficient to punish and make an example
2  out of Defendant.

3                              **TENTH CAUSE OF ACTION**

4  **RETALIATION FOR COMPLAINTS OF DISCRIMINATION AND HARASSMENT**
5                  **AGAINST DEFENDANT VTI AND DOES 1 – 25**

6          102.    Plaintiff re-alleges and incorporates herein by this reference each and every
7  allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

8          103.    In violation of California Government Code § 12940(h), Defendants retaliated
9  against Plaintiff by terminating Plaintiff's employment after he reported the seemingly increasing
10 events of discrimination and harassment against him, as more fully set forth in the General
11 Allegation and all paragraphs stated above, among other things.

12         104.    As a direct and proximate result of Defendants' retaliatory actions against Plaintiff,
13 Plaintiff suffered and continues to suffer substantial (a) humiliation, serious mental anguish and
14 emotional and physical distress; and (b) loss of past and future wages, and employment benefits
15 and opportunities, on account of which Plaintiff is entitled to compensatory damages, the exact
16 amount and nature of which exceeds the jurisdictional limits of this court but is presently unknown
17 to Plaintiff, who will either seek leave to amend this complaint upon ascertaining such information,
18 or will prove the same at the time of trial.

19         105.    As more fully set forth above, Defendants' retaliatory actions were willful, wanton,
20 malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff,
21 within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or
22 exemplary damages in an amount sufficient to punish and make an example of Defendant.

23                           **ELEVENTH CAUSE OF ACTION**

24 **WRONGFUL TERMINATION AGAINST DEFENDANT VTI AND DOES 1 – 25**

25         106.    Plaintiff re-alleges and incorporates herein by this reference each and every
26 allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

27         107.    Defendants violated the Fair Employment and Housing Act (FEHA), California
28 Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment because of

1   his age and disability.

2       108.   Defendants terminated Plaintiff's employment in furtherance of its willful violation

3   of California Labor Code § 970, California Labor Code §§ 200, 226.8, and Business and

4   Professions Code § 17200 et seq., amongst other California laws, as more fully set forth in the

5   General Allegations above.

6       109.   The aforementioned acts of Defendants constitute wrongful termination in violation

7   of public policy.

8       110.   As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues

9   to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress,

10   (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is

11   entitled to as compensatory damages. The exact amount and nature of such damages exceed the

12   jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

13   to amend this Complaint upon ascertaining such information or will prove the same at the time of

14   trial.

15       111.   As more fully set forth above, the acts of Defendants were intentional, malicious,

16   wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex,

17   injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the

18   meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

19   damages in an amount sufficient to punish and make an example out of Defendants.

20                         **TWELFTH CAUSE OF ACTION**

21       **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL**

22                                 **DEFENDANTS**

23       112.   Plaintiff alleges and incorporates herein by this reference each and every allegation

24   set forth in all previous paragraphs of the Complaint.

25       113.   Defendants engaged in age, disability, race, national origin, religious, gender, sex

26   discrimination, harassment and retaliation against Plaintiff, and aided and abetted each other in

27   engaging in illegal discrimination harassment, and retaliation thereby subjecting Plaintiff to the

28   intentional infliction of emotional distress caused by such discrimination and harassment in

1 | violation of California Government Code § 12940.

2 |     114.    Defendants failed to take immediate and appropriate remedial action to respond to

3 | Plaintiff's complaints of discrimination and harassment.   Instead, Defendant VTI ignored

4 | Plaintiff's request that the behavior be dealt with and allowed Plaintiff to be subjected to retaliatory

5 | action.

6 |     115.    The acts of Defendants as described herein were extreme and outrageous and an

7 | abuse of the authority and position of Defendants, and each of them.   Such conduct was intended

8 | to cause severe emotional distress, or was done with conscious disregard for the probability of

9 | causing such distress.   Such conduct exceeded the inherent risks of employment and was not the

10 | sort of conduct normally expected to occur in the workplace.   Defendant VTI and their employees,

11 | the above-named individual Defendants, abused their positions of authority toward Plaintiff, and

12 | engaged in conduct intended to humiliate Plaintiff and convey the message that he were powerless

13 | to defend his rights.

14 |     116.    As a proximate result of the aforementioned acts, Plaintiff has suffered

15 | embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress.

16 | Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court,

17 | but is yet to be ascertained.   Plaintiff will either seek leave to amend this Complaint upon

18 | ascertaining such information, or will prove the same at the time of trial.

19 |     117.    As more fully set forth above, the acts of Defendants were intentional, malicious,

20 | wanton and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex,

21 | injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the

22 | meaning of California Civil Code § 3294.   Plaintiff is therefore entitled to punitive or exemplary

23 | damages in an amount sufficient to punish and make an example out of Defendants.

24 | **THIRTEENTH CAUSE OF ACTION**

25 | **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL**

26 | **DEFENDANTS**

27 |     118.    Each of the above paragraphs contained in this Complaint is hereby incorporated

28 | by reference at this point as if set forth herein full at length.

119.     In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from discrimination, harassment, and retaliation, and abused their positions of authority towards Plaintiff.  Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

120.     Defendants, and their employees and agents knew, or should have known that the above conduct would cause Plaintiff serious emotional distress.  As a proximate result of Defendants negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     Compensatory and actual damages in an amount to be proven at the time of trial;

2.     For costs of the suit incurred herein;

3.     For punitive and exemplary damages in an amount to be proven at the time of trial;

4.     For reasonable attorneys' fees under the California Labor Code and all related statutes, including California Government Code § 12965(b); and Cal. Code of Civil Procedure § 1021;

5.     For pre- and post-judgment interest at the prevailing statutory rates;

6.     A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

7.     An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all person acting in concert with them from engage in each of the practices complained of in this Complaint; and

8.     For such other relief as the court may deem proper.

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial for the causes of action set forth herein.

3

4    Dated: October 22, 2021          MESRIANI LAW GROUP
                                      A PROFESSIONAL LAW CORPORATION
5

6                                     By:  _____
7                                           CORY GOULD, ESQ.,
                                            Attorney for Plaintiff ANDREW MENDOZA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "4"

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>10/25/2021<br><br>**Filed by Court** |

TITLE OF CASE:

**Andrew Mendoza vs. Valley Transportation, Inc.**

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES | CASE NUMBER:<br>**21CECG03163** |
|---|---|

**To All Parties and their Attorneys of Record:**

**Cory Gould**
**Mesriani Law Group**
**510 Arizona Avenue**
**Santa Monica CA  90401**

> This case has been assigned to **Rosemary McGuire,** Judge for **all purposes**.
> All future hearings will be scheduled before this assigned judge, in **Department 502**

You are required to appear at a Case Management Conference on **02/22/2022**  at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **10/25/2021**_____          Clerk, by   **Jamie Nelson** _____ , Deputy

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE**
**FOR ALL PURPOSES**

# EXHIBIT "5"

via E File

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 329550 |
|---|---|
| NAME: Cory D. Gould (SBN 329550) | |
| FIRM NAME: Mesriani Law Group | |
| STREET ADDRESS: 510 Arizona Ave, Santa Monica, CA 90401 | |
| CITY: Santa Monica | STATE: CA   ZIP CODE: 90401 |
| TELEPHONE NO: 310-826-6300 | FAX NO : |
| E-MAIL ADDRESS: cory@mesriani.com | |
| ATTORNEY FOR (Name): Andrew Mendoza | |

*FOR COURT USE ONLY*

E-FILED
12/15/2021 10:35 AM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street Fresno, CA 93721
MAILING ADDRESS: 1130 O Street Fresno, CA 93721
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

Plaintiff/Petitioner: Andrew Mendoza

Defendant/Respondent: Valley Transportation, Inc.; et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 21CECG03163 |
|---|---|

TO *(insert name of party being served):* Defendant DEBORAH SIMPSON, an Individual

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 11, 2021

Cory D. Gould
(TYPE OR PRINT NAME)

▷ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ X ] A copy of the summons and of the complaint.

2. [ x ] Other *(specify):*

   Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: 12/1/2021

Susan K. Hatmaker
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

**Attorney for Deborah Simpson**

▷ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Attorney for Deborah Simpson**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

| Print this form | Save this form | | Clear this form |

# EXHIBIT "6"

via E File

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 329550 | FOR COURT USE ONLY |
|---|---|---|

NAME: Cory D. Gould (SBN 329550)
FIRM NAME: Mesriani Law Group
STREET ADDRESS: 510 Arizona Ave, Santa Monica, CA 90401
CITY: Santa Monica   STATE: CA   ZIP CODE: 90401
TELEPHONE NO: 310-826-6300   FAX NO :
E-MAIL ADDRESS: cory@mesriani.com
ATTORNEY FOR (Name): Andrew Mendoza

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street Fresno, CA 93721
MAILING ADDRESS: 1130 O Street Fresno, CA 93721
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

Plaintiff/Petitioner: Andrew Mendoza
Defendant/Respondent: Valley Transportation, Inc.; et al

**E-FILED**
12/15/2021 10:35 AM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>21CECG03163 |
|---|---|

TO (insert name of party being served): Defendant VALLEY TRANSPORTATION, INC., a California Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 11, 2021

Cory D. Gould
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other (specify):

    Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed: 12/1/2021

Susan K. Hatmaker
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Attorney for Valley Transportation, Inc.

▷ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorney for Valley Transportation, Inc.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

# EXHIBIT "7"

via E File

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 329550 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Cory D. Gould (SBN 329550) | | |
| FIRM NAME: Mesriani Law Group | | |
| STREET ADDRESS: 510 Arizona Ave, Santa Monica, CA 90401 | | |
| CITY: Santa Monica | STATE: CA   ZIP CODE: 90401 | |
| TELEPHONE NO: 310-826-6300 | FAX NO : | |
| E-MAIL ADDRESS: cory@mesriani.com | | |
| ATTORNEY FOR (Name): Andrew Mendoza | | |

**E-FILED**
**12/15/2021 10:35 AM**
**Superior Court of California**
**County of Fresno**
**By: I. Herrera, Deputy**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS:   1130 O Street Fresno, CA 93721
MAILING ADDRESS:  1130 O Street Fresno, CA 93721
CITY AND ZIP CODE:    Fresno, 93721
BRANCH NAME:   B.F. Sisk Courthouse

Plaintiff/Petitioner:  Andrew Mendoza

Defendant/Respondent:  Valley Transportation, Inc.; et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 21CECG03163 |
|---|---|

TO (insert name of party being served): Defendant RODNEY HEINTZ, an Individual

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  November 11, 2021

Cory D. Gould
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1.  [x] A copy of the summons and of the complaint.

2.  [X] Other (specify):

Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed:   12/1/2021

Susan K. Hatmaker
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

**Attorney of Rodney Heintz**

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Attorney of Rodney Heintz**

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]      [ Clear this form ]