UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MENDOZA,<br><br>              Plaintiff,<br><br>     v.<br><br>VALLEY TRANSPORTATION, INC., et al.,<br><br>              Defendants. | No. 1:21-cv-01786-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR VOLUNTARY DIMISSAL WITHOUT PREJUDICE<br><br>(Doc. No. 13) |

Before the court is plaintiff Andrew Mendoza's *ex parte* application for a voluntary dismissal without prejudice under Federal Rule of Procedure 41(a)(2) with respect to all of plaintiff's claims brought against defendants Valley Transportation, Inc., Rodney Heintz, and Deborah Simpson. (Doc. No. 13.) The court ordered briefing based on plaintiff's indication that defendants opposed the voluntary dismissal. (Doc. No. 14.) On February 11, 2022, defendants filed their opposition to plaintiff's application and objections to plaintiff's counsel's declaration filed in support of the application. (Doc. Nos. 17, 18.) On February 15, 2022, plaintiff filed his reply. (Doc. No. 19.) For the reasons discussed below, the court will grant plaintiff's *ex parte*

/////

/////

/////

application for voluntary dismissal without prejudice.[1]

**BACKGROUND**

On October 25, 2021, plaintiff filed a complaint against defendants in the Fresno County Superior Court asserting, among other things, claims for discrimination, harassment, and retaliation under state and federal law. (Doc. No. 1 at 9.) On December 17, 2021, defendants removed the action to this federal court (Doc. No. 1) and then moved to dismiss the complaint on December 27, 2021. (Doc. No. 7.) On January 11, 2022, plaintiff filed his first amended complaint, along with a notice of an association of counsel. (Doc. Nos. 9, 10.) The following day, the court denied defendants' motion to dismiss as having been rendered moot by the filing of the first amended complaint. (Doc. No. 11.) Shortly thereafter, on January 20, 2022, defendants filed their answer. (Doc. No. 12.)

On February 7, 2022, plaintiff filed this pending *ex parte* application through his newly associated counsel alleging that plaintiff has terminal cancer and "at a minimum, has approximately five months to live." (Doc. Nos. 13 at 6; 19 at 16.) According to plaintiff's declaration filed in support of his reply brief, he has received medical records from his treating oncologist providing an updated prognosis on January 11, 2022.[2] (Doc. No. 19 at 16.) Plaintiffs' medical records provide, in part, that his "prognosis is that the cancer is metastatic so not curable,

---

[1] The court is aware that counsel for the parties have inquired as to when this order would issue. The court appreciates the urgency of the situation but wishes the parties to understand that this order has issued very quickly under the circumstances that this court faces. The Eastern District of California's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation has now been partially addressed by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021. Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. Unfortunately, that situation often results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel, but it is a situation that the court is powerless to address. Nonetheless, the court cannot make a practice of addressing the predictable backlog by taking cases out of the order of their filing date.

[2] Plaintiff appears to have filed his declaration with medical records in response to defendants' objections to plaintiff's counsel's declaration as hearsay and that counsel lacked personal knowledge about his client's medical status. (Doc. No. 18.)

2

but potentially controllable.  The length of time it can be controlled and [plaintiff] can survive is a wide range from 6 months to several years, depending on how well he responds to therapy." (*Id.* at 18.)  As a result of his updated medical prognosis, plaintiff is now seeking dismissal of this action without prejudice so that he can take advantage of a newly effective California law that would allow his personal representatives or successors in interest to recover past non-economic damages if the plaintiff passes away before this action is resolved.  (*Id.*) (citing Cal. Civ. Pro. Code § 377.34(a)–(b)).[3]  Critically, as applicable here, the newly enacted provision only applies to actions that were "filed on or after January 1, 2022." Cal. Civ. Pro. Code. § 377.34(b).  Thus, plaintiff seeks an order dismissing this action and all of its claims without prejudice and denying defendants costs and attorney fees, so as to allow him to re-file and take advantage of the change in state law.

## LEGAL STANDARD

When an answer or summary judgment has been served, the plaintiff no longer has the right to dismiss, unless all parties stipulate to a dismissal.  Fed. R. Civ. P. 41(a)(1).  If the parties do not stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,

---

[3] California Code of Civil Procedure § 377.34 provides, in part:

> (a) In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

> (b) Notwithstanding subdivision (a), in an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable may include damages for pain, suffering, or disfigurement if the action or proceeding was granted a preference pursuant to Section 36 before January 1, 2022, or was filed on or after January 1, 2022, and before January 1, 2026.

263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("[T]he district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Granting or denying a Rule 41(a)(2) dismissal is within the district court's sound discretion. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

## ANALYSIS

### A.     Whether There Is Legal Prejudice to Defendants

"Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97 (citing 5 James W. Moore, Moore's Federal Practice ¶ 41.05[1]). The Ninth Circuit has concluded that "'legal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Smith*, 263 F.3d at 976 (citation omitted). By contrast, uncertainty from an unresolved dispute or the threat of future litigation "does not result in plain legal prejudice." *Smith*, 263 F.3d at 976. Nor does legal prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* For example, the Ninth Circuit has found that there was legal prejudice when (i) a voluntary dismissal resulted in a defendant losing a complete statute of limitations defense by having to defend a new lawsuit in another state where the statute of limitations has not run, *Tibbetts By & Through Tibbetts v. Syntex Corp.*, 996 F.2d 1227, 1993 WL 241567 at *2 (9th Cir. 1993) (unpublished) (citing *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989)),[4] and (ii) "the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud." *Westlands*, 100 F.3d at 97. On the other hand, there was no legal prejudice when a plaintiff abandoned federal claims to pursue analogous securities

---

[4] The court notes that other courts of appeals have held that even the loss of a defense such as the statute of limitations does not amount to legal prejudice, *see, e.g.*, *Arias v. Cameron*, 776 F.3d 1262, 1272 (11th Cir. 2015), and that the Ninth Circuit has not revisited this issue since its unpublished decision in *Tibbetts*. *See also Tibbetts*, 1993 WL 241567 at *2–3 (Pregerson, J., dissenting) (disagreeing with the majority's ruling on the Rule 41(a)(2) dismissal).

fraud claims in state court, even though defendants lost the procedural protections afforded by plaintiff's federal claims originally brought under the Private Securities Litigation Reform Act. *Smith*, 263 F.3d at 976.

In his application, plaintiff argues that the court has authority to grant dismissal because there is no plain legal prejudice to the defendants. (Doc. No 13 at 4.) More specifically, plaintiff contends that dismissal will not result in legal prejudice to defendants because: (i) defendants will not forfeit any defenses or the ability to defend itself; (ii) defendants have not engaged in any discovery in this action; (iii) plaintiff has not delayed in seeking voluntary dismissal of this action; (iv) the case is still in its earliest stages; and (v) no issues have been heard by the court on their merits. (*Id.* at 7.) Plaintiff also contends that to the extent there is any legal prejudice due to § 377.34 recently going into effect, the "modification of Defendants' rights and/or obligations in survival actions is through operation of law" and that the text of § 377.34(b) did not preclude its application to cases having already been filed, so the voluntary dismissal cannot be "the source of [any] legal prejudice." (*Id.* at 7–8.)

In opposition, defendants argue that allowing dismissal of this action without prejudice "implicates the elimination of a legal interest and a legal argument in that it deprives Defendants of the legal argument that they do not face liability for non-economic damages in the event Plaintiff dies before adjudication of his claims." (Doc. No. 17 at 8.) Defendants argue that dismissal here amounts to "plain legal prejudice that could not be any plainer and therefore warrants denial of Plaintiff's application" and assert that allowing this dismissal is legal prejudice as defined by the Ninth Circuit in *Westlands*. (*Id.*) Defendants further contend that plaintiff is impermissibly forum-shopping to invoke a substantive change in California law, citing the decision in *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856, 857 n.1 (8th Cir. 1975) (upholding the denial of plaintiff's dismissal request in a footnote because plaintiff sought to re-file in state court to take advantage of a strict liability standard as opposed to a negligence standard that applied in federal court under the conflict of law rule). (Doc. No. 17 at 9.)

Having considered the parties' arguments, the court finds that voluntarily dismissing this action would not result in legal prejudice to defendants. To start, merely facing the prospect that

5

plaintiff would refile this suit does not amount to legal prejudice.[5]  *Smith*, 263 F.3d at 976.  The only possible prejudice that defendants have plausibly identified is that—if the plaintiff dies before this action is resolved—plaintiff's successors could recover non-economic damages that defendants are currently facing under California law.  *See* Cal. Civ. Proc. Code § 377.34.  But the Ninth Circuit has allowed a litigant to abandon its federal lawsuit to pursue a parallel state court lawsuit following a change in state law.  *Smith*, 263 F.3d at 974–76.  In *Smith*, the California Supreme Court resolved important pending issues involving state securities law that led the plaintiff to abandon their federal class action claims in favor of proceeding with their lawsuit in state court, even though both cases were based on the same set of facts and alleged wrongs.  *Id.* (upholding the dismissal with prejudice of federal claims).  Although plaintiff here has no parallel state court proceeding, his refiling in state court is analogous to the situation presented in *Smith* because the purpose of the dismissal is the same—to take advantage of a change in state law.[6] *See also Golden Valley Dairy, L.L.C. v. Nw. Dairy Ass'n*, No. 10-cv-00069-EJL, 2010 WL 2620003, at *2 (D. Idaho June 24, 2010) (dismissing plaintiff's state law claims in federal court to pursue the exact same set of claims in state court to avoid the federal forum).

In addition to the similarity to *Smith*, the possible prejudice asserted by defendant from allowing the voluntary dismissal here is based on the assumption that plaintiff will die before this action is resolved, making it too uncertain to amount to plain legal prejudice in any event.  *Cf. Westlands*, 100 F.3d at 96–97 ("[T]he threat of future litigation which causes uncertainty is

---

[5] Defendants' argument that losing this federal forum constitutes legal prejudice (Doc. No. 17 at 9) is unpersuasive because that fact alone is insufficient to establish legal prejudice.  *See Self v. Equinox Holdings, Inc.*, No. 14-cv-04241-MMM-AJW, 2015 WL 13298146, at *6 (C.D. Cal. Jan. 5, 2015) ("While loss of a federal forum is a factor to be considered in determining legal prejudice, [citation], the Ninth Circuit has held that the prospect of trying state claims in state court as a result of a voluntary dismissal does not constitute 'legal prejudice,' . . . ."); *Dietrich v. Mission Hosp. Reg'l Med. Ctr.*, No. 17-cv-0988-DOC-JDE, 2017 WL 4216560, at *2 (C.D. Cal. Sept. 20, 2017) (granting dismissal without prejudice where the plaintiff sought to abandon the lone federal claim to defeat federal jurisdiction and to refile the action in state court).

[6] Notably, the change in law from the California Supreme Court in *Smith* concerned, in part, remedies, including "that the California statutory remedy for acts of market manipulation occurring in California was intended to benefit all victims of securities fraud regardless of where they purchased the affected securities."  *Smith*, 263 F.3d at 974–95.

insufficient to establish plain legal prejudice."). As such, seeking dismissal to refile and protect recoverable damages for *possible* successors is more akin to a tactical advantage than it is to a situation in which defendants face the certain loss of, for instance, a complete defense. *Compare Smith*, 263 F.3d at 976 *with Tibbetts*, 1993 WL 241567 at *2. Put another way, allowing plaintiff to invoke the California law that just went into effect strengthens his tactical position by removing defendants' incentive to run out plaintiff's clock; it does not deprive defendants of the opportunity to adequately defend themselves on the merits of plaintiff's claims. *Cf. Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) (upholding the district court's decision to deny a party's request for voluntary dismissal when it would have prevented the remaining parties from adequately defending themselves).

Moreover, allowing plaintiff to refile this action in order to invoke California Code of Civil Procedure § 377.34(b) is different from the out-of-circuit decision in *Holmgren* relied upon by defendants. (Doc. No. 17 at 9) (citing *Holmgren*, 516 F.2d at 857 n.1). In *Holmgren*, the plaintiff engaged in forum-shopping that would have resulted in a significant change affecting how the underlying liability in the action would be determined—i.e., the change in law would have been from a negligence standard being applied to one calling for strict liability. *Holmgren*, 516 F.2d at 857 n.1. Here, by contrast, plaintiff is seeking merely a new filing date of the action, not a change from one state's law to another. Unlike in *Holmgren*, refiling of this action would not result in a change to the legal standard governing how liability of plaintiff's claims would be determined.[7]

Finally, this litigation is still in its earliest stages further suggesting there is no legal prejudice to defendants resulting from its voluntary dismissal. "In determining whether dismissal without prejudice is appropriate, district courts in this circuit have considered the following

---

[7] Defendants' other argument that plaintiff has not satisfied the requirements for an *ex parte* application and should have filed this request through the ordinary noticed motion process is also unpersuasive. (Doc. No. 17 at 4–6.) Under the court's standing order governing civil actions, the court finds that plaintiff's *ex parte* application was the appropriate vehicle for his request because a court order is required, defendants refused to stipulate to the dismissal, and the plaintiff's health condition is serious enough to warrant deviating from the regular noticed motion process. (Doc. No. 19 at 16.)

factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment." *Beckett v. MACYSDSNB*, No. 11-cv-00246 HRL, 2012 WL 479593, at *2 (N.D. Cal. Feb. 14, 2012); *see also United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999). Here, consideration of these factors also suggest that defendants will suffer no legal prejudice if the request for voluntary dismissal is granted. Plaintiff's assertions that defendants "have not engaged in *any discovery* . . . [or] *any* trial preparation" are uncontested. (Doc. No. 13 at 7.) Indeed, this case has only been before this court, after defendant removed it from state court, for approximately two and a half months and there has been no motion practice, aside from this *ex parte* application. Plaintiff did not receive an updated medical prognosis until January 11, 2022 and promptly filed the pending *ex parte* application—with a clear explanation regarding its need—after defendant refused to stipulate to the dismissal. (Doc. Nos. 13 at 12, 15–16; 19 at 16.)

For all of the reasons discussed above, the court will grant plaintiff's *ex parte* application for voluntary dismissal without prejudice for all of plaintiff's claims.

**B.    Whether Defendants Are Entitled to Fees or Costs**

"[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice" because "defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands*, 100 F.3d at 97. But it is not mandatory to impose "costs and fees as a condition for dismissing without prejudice." *Id.* Even so, "a defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)." "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Telegram Messenger Inc. v. Lantah, LLC*, No. 18-cv-02811-CRB, 2020 WL 5074399,

at *4 (N.D. Cal. Aug. 24, 2020) (citation omitted).

Defendants have failed to make any showing of "excessive and duplicative expense" that would result from plaintiff refiling this action, and simply requested to "file papers setting forth amount and supporting documents and declarations."  (Doc. No. 17 at 10.)  Here, because this action is in its earliest stages, no meaningful evidence of trial preparation is before the court, and the plaintiff diligently requested voluntary dismissal following receipt of his January 11, 2022 prognosis, the court finds that consideration of the above factors does not compel an award of costs or fees.  Accordingly, the court finds that each party will bear its own attorneys' fees and costs and defendants' request to "file papers setting forth amount and supporting documents and declarations" is denied.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's *ex parte* application (Doc. No. 13) for a voluntary dismissal without prejudice for all of plaintiff's claims is granted;
2. The parties are to bear their own fees and costs; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 3, 2022**

UNITED STATES DISTRICT JUDGE